**F I L E D**
CLERK, U.S. DISTRICT COURT

6/24/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ KM _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KENNY RAY MANN,<br>　aka "KR,"<br><br>　　　　Defendant. | CR   2:26-cr-00412-PA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1591(a)(1), (b)(1), (b)(2), (c): Sex Trafficking of Children or By Force, Fraud, or Coercion; 18 U.S.C. § 1594(d): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1591(a)(1), (b)(2), (c)]

Beginning no later than in or around June 2022, and continuing through on or about September 1, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant KENNY RAY MANN, also known as "KR," in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means an individual who had not attained the age of 18 years, namely, a 17-year-old girl ("Victim 1"), having had a reasonable opportunity to observe Victim 1 and knowing and in reckless disregard of the fact that Victim 1 had not

attained the age of 18 years, and knowing and in reckless disregard of the fact that Victim 1 would be caused to engage in a commercial sex act.

COUNT TWO

[18 U.S.C. § 1591(a)(1), (b)(1)]

Beginning on or about September 19, 2022, and continuing to in or around January 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendant KENNY RAY MANN, also known as "KR," in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, and solicited by any means, Victim 1, knowing and recklessly disregarding that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 1 to engage in a commercial sex act.

3

COUNT THREE

[18 U.S.C. § 1591(a)(1), (b)(2), (c)]

Beginning no later than in or around August 2025, and continuing through on or about September 18, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendant KENNY RAY MANN, also known as "KR," in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means an individual who had not attained the age of 18 years, namely a 16-year-old girl ("Victim 2"), having had a reasonable opportunity to observe Victim 2 and knowing and in reckless disregard of the fact that Victim 2 had not attained the age of 18 years, and knowing and in reckless disregard of the fact that Victim 2 would be caused to engage in a commercial sex act.

4

FORFEITURE ALLEGATION

[18 U.S.C. § 1594(d)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1594(d), in the event of the defendant's conviction of any of the offenses set forth in Counts One, Two, or Three of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property;

(b) Any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property; and

(c) In the event such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has

been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Chief Assistant United States
Attorney & Chief, Criminal
Division

KEVIN J. BUTLER
Assistant United States Attorney
Chief, Major Crimes Section

CHELSEA NORELL
Assistant United States Attorney
Deputy Chief, Major Crimes
Section

MIRELLE RAZA
Assistant United States Attorney
Major Crimes Section

6