FILED
CLERK, U.S. DISTRICT COURT
JUN 25 2026
CENTRAL DISTRICT OF CALIFORNIA
BY AF DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

KENNY RAY MANN,

Defendant.

Case No. CR 26-412-PA

ORDER OF DETENTION

I.

On June 25, 2026, Defendant Kenny Ray Mann made his initial appearance on the indictment filed in this case. Deputy Federal Public Defender Reid Rowe was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Mirelle Raza.. A detention hearing was held.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the

history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the arguments presented by counsel and the report and recommendation prepared by United States Probation and Pretrial Services.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ conviction for prior failure to appear

☒ lack of stable residence

☒ active warrant for robbery

☒ history of substance use

☒ criminal history includes felony convictions for robbery, failure to appear, human trafficking, and narcotics related convictions; and extensive law enforcement contacts for crimes involving violence, firearms, narcotics, probation violations and failures to appear.

As to danger to the community:

☒ allegations in indictment include sex trafficking of minors or by force, fraud, or coercion

☒ criminal history and law enforcement contacts (see above)

☒ gang affiliation

☒ active warrant for robbery dated March 9, 2026

☒ alleged aggressive conduct during custodial interview

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.
[18 U.S.C. § 3142(i)]

Dated: June 25, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE